UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ALL-CLAD METALCRAFTERS, LLC,
COOKWARE MARKETING AND SALES
PRACTICES LITIGATION                                                              MDL No. 2988

**TRANSFER ORDER**

**Before the Panel:**[*] Defendants All-Clad Metalcrafters, LLC and Groupe SEB USA, Inc. (collectively, All-Clad) move under 28 U.S.C. § 1407 to centralize this litigation in the Western District of Pennsylvania or, alternatively, the Northern District of California. Plaintiffs in all four actions listed on Schedule A oppose centralization and, alternatively, suggest selection of a Northern District of California transferee district.

After considering the argument of counsel,[1] we find that centralization of these actions in the Western District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions involve common factual issues concerning All-Clad's multi-ply stainless-steel cookware (pots, pans, skillets, etc.) that was marketed as dishwasher safe but allegedly degrade after dishwasher use, creating sharp edges as a result of the aluminum layers deteriorating and exposing sharp stainless steel layers. Plaintiffs specifically allege defects in All-Clad Cookware from the D3, D5, and LTD Stainless Steel Collections. All actions are brought as statewide class actions and are in their relative infancy. Centralization will eliminate duplicative discovery; avoid inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

Plaintiffs oppose centralization by arguing that there are too few actions to merit centralization and, in any event, alternatives to centralization such as the coordination plan counsel employed in litigation involving allegedly defective Sharp Electronics microwave drawers are superior to centralization.[2] We are not persuaded by these arguments. Where only a minimal

---

[*] Judge Catherine D. Perry did not participate in the decision of this matter. Additionally, certain Panel members who may be members of the putative classes in this litigation have renounced their membership in these classes and participated in this decision.

[1] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of March 25, 2021. *See* Suppl. Notice of Hearing Session, MDL No. 2988 (J.P.M.L. March 8, 2021), ECF No. 16.

[2] *See Brown et al. v. Sharp Electronics Corp.*, N.D. California, C.A. No. 3:19-cv-00371, doc. 50

number of actions are involved, the moving party generally bears a heavier burden in demonstrating the need for centralization. *See In re: Transocean Ltd. Sec. Litig.*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Defendants have carried that burden. The four actions all involve defendants' flagship product – multi-ply stainless steel cookware that was marketed and sold across the country. The pendency of four highly similar statewide class actions in districts across the country raises the cost of litigating common questions and poses the risk of inconsistent rulings in discovery disputes and any *Daubert* challenges, on which the litigation may turn. Plaintiffs in all actions are represented by common counsel, who reportedly informed counsel for defendants in December 2020 that they had been contacted by counsel for plaintiffs in other districts who expected to file additional actions.

We have held that "centralization under Section 1407 should be the last solution after considered review of all other options." *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). Here, counsel for plaintiffs argue that their experience in litigation involving allegedly defective microwave drawers made by Sharp Electronics leads them to believe that a similar approach would be a workable alternative to centralization. Defendants counter that plaintiffs are trying to force them to fight a costly multifront war in courts across the nation and that, even with the prospect of coordinated discovery, defendants still face the possibility of inconsistent (if not divergent) rulings in various jurisdictions. In our view, the history of the Sharp Electronics litigation (which did not involve extensive motion practice and settled shortly after a joint coordination plan was entered), does not strongly suggest that adopting a similar coordination plan is the optimal route to resolve this litigation. The parties appear to have undertaken a considered review of this potential coordination plan and simply do not agree about its workability in these cases. In these circumstances, centralization under Section 1407 is available to the parties to streamline this litigation.

While any number of proposed transferee districts could handle this litigation ably, we are persuaded that the Western District of Pennsylvania is the appropriate transferee district. The Western District of Pennsylvania is where All-Clad has been based since 1971. Documents and witnesses relevant to plaintiffs' claims likely will be found there. Moreover, centralization in this district allows us to assign these cases to a jurist, Judge J. Nicholas Ranjan, who has not yet had the opportunity to preside over multidistrict litigation. We are confident that Judge Ranjan will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Western District of Pennsylvania are transferred to the Western District of Pennsylvania and, with the consent of that court, assigned to the Honorable J. Nicholas Ranjan for coordinated or consolidated proceedings.

---

(filed 7/26/2019).

PANEL ON MULTIDISTRICT LITIGATION

                  _____
                        Karen K. Caldwell
                             Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | |

**IN RE: ALL-CLAD METALCRAFTERS, LLC,
COOKWARE MARKETING AND SALES
PRACTICES LITIGATION**                                                      MDL No. 2988

## SCHEDULE A

<u>Northern District of California</u>

MEARS v. ALL-CLAD METALCRAFTERS, LLC, ET AL., C.A. No. 3:20-02662

<u>Southern District of Florida</u>

MONTALVO v. ALL-CLAD METALCRAFTERS, LLC, ET AL., C.A. No. 9:20-82384

<u>Northern District of Georgia</u>

MURRAY, ET AL. v. ALL-CLAD METALCRAFTERS, LLC, ET AL., C.A. No. 1:21-00095

<u>District of Massachusetts</u>

EGIDIO v. ALL-CLAD METALCRAFTERS, LLC, ET AL., C.A. No. 1:20-12025